STUART F. DELERY
Assistant Attorney General
COLIN A. KISOR
Acting Director
ELIZABETH J. STEVENS
Assistant Director
JENNIFER A. BOWEN
Trial Attorney, District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3558
Email: *Jennifer.Bowen@usdoj.gov*

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDLEY BARRINGTON LYON, JR., *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*,<br><br>Defendants. | Case No. 3:13-cv-05878-EMC<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL (ECF No. 14)**<br><br>Hearing:<br>Date:      April 3, 2014<br>Time:      1:30 p.m., Courtroom #5<br>Judge:     Edward M. Chen |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     NAMED PLAINTIFFS........................................................................................ 1

        A.    Audley Barrington Lyon, Jr .................................................................... 2

        B.    Edgar Cornelio ....................................................................................... 2

        C.    José Elizandro Astorga-Cervantes.......................................................... 3

        D.    Lourdes Hernandez-Trujillo .................................................................. 3

III.    FEDERAL RULE OF CIVIL PROCEDURE 23 ................................................ 4

IV.     ARGUMENT ..................................................................................................... 5

        A.    The Proposed Class Is Not Adequately Defined ................................... 5

        B.    The Proposed Class Does Not Meet Requirements of Rule 23(a) .................... 7

              1.    The Named Plaintiffs Cannot Satisfy the Adequate Representation
                    Required by Rule 23(a)(4) ............................................................. 7

              2.    Plaintiffs Cannot Satisfy the "Commonality" Required by Rule 23(a)(2) . 10

              3.    Plaintiffs Cannot Satisfy the "Typicality" Required by Rule 23(a)(3) ...... 13

        C.    Rule 23(b)(2) Precludes Plaintiffs Proposed Class ........................... 13

V.      CONCLUSION .................................................................................................. 14

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Abadia– Peixoto v. DHS,*
    277 F.R.D. 572 (N.D. Cal. Dec. 23, 2011) ...................................................... 12

*Bell v. Wolfish,*
    441 U.S. 520 (1979) ................................................................................... 14

*Gen. Tel. Co. v. Falcon,*
    457 U.S. 147 (1982 ................................................................... 5, 7, 10, 13

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ......................................................... 8, 11

*Lewis v. Casey,*
    518 U.S. 343 (1996) ................................................................................... 11

*Lightfoot v. District of Columbia,*
    273 F.R.D. 314 (D.D.C. 2011) ............................................................. 12

*Lukovsky v. San Francisco,*
    No. C 05–00389 WHA, 2006 WL 140574 (N.D. Cal. Jan. 17, 2006)................ 5

*Marcus v. BMW of North America, LLC,*
    687 F.3d 583 (3d Cir. 2012) .................................................................. 13

*Manly v. Sonoma County,*
    No. C-92-3228 EFL, 1993 WL 742803 (N.D. Cal. Feb. 22, 1993) .................. 14

*Nguyen Da Yen v. Kissinger,*
    70 F.R.D. 656 (N.D. Cal. 1976) ........................................................... 11

*O'Connor v. Boeing N. Am., Inc.,*
    184 F.R.D. 311 (C.D. Cal. 1998) ........................................................... 5

*Rodriguez v. Robbins,*
    715 F.3d 1127 (9th Cir. 2013) ...................................................... 2, 4, 9, 10

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) .................................................................. 8

*Rutledge v. Elec. Hose & Rubber Co.,*

511 F.2d 668 (9th Cir. 1975) .................................................................. 5

*Schwartz v. Upper Deck Co.,*
183 F.R.D. 672 (S.D. Cal. 1999) ......................................................... 5

*Sheinberg v. Sorensen,*
606 F.3d 130 (3d Cir. 2010) ............................................................... 7

*Turk v. Plummer,*
No. C 94-3043 VRW, 1994 WL 508678 (N.D. Cal. Sept. 2, 1994).................. 12

*United Steel Workers v. ConocoPhillips Co.,*
593 F.3d 802 (9th Cir. 2010) .............................................................. 5

*Valdez v. Rosenbaum,*
302 F.3d 1039 (9th Cir. 2002) ............................................................ 12

*Wal–Mart Stores, Inc. v. Dukes,*
--- U.S. ---, 131 S.Ct. 2541 (2011)......................................... 5, 7, 10, 13

## **STATUTES**

### **Immigration and Nationality Act of 1952, As Amended:**

8 U.S.C. § 1225(b) .......................................................................... 7, 10

8 U.S.C. § 1226............................................................................ 2, 3, 4, 8, 10

8 U.S.C. § 1227(a) ............................................................................ 2-3

8 U.S.C. § 1231.............................................................................. 7, 10

## **MISCELLANEOUS**

Fed. R. Civ. P. 23 ............................................................. 4-5, 7, 10-14

Manual for Complex Litigation, Third § 30.14 (1995)................................ 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.     INTRODUCTION

This immigration case involves a challenge to the adequacy of telephone access afforded those detained by U.S. Immigration and Customs Enforcement ("ICE") at three facilities outside of San Francisco.  Four named plaintiffs – Audley Barrington Lyon, Jr. ("Lyon"); Edgar Cornelio  ("Cornelio"); José Elizandro Astorga-Cervantes ("Astorga-Cervantes"); and Lourdes Hernandez-Trujillo ("Hernandez-Trujillo") (collectively, "Plaintiffs") – seek to certify a class consisting of "[a]ll current and future immigration detainees who are or will be held by ICE in Contra Costa, Sacramento, and Yuba Counties."  Mot. (ECF No. 14) at Notice of Motion; Compl. (ECF No. 1) ¶ 83.  Because Plaintiffs seek to certify an overly broad class that cannot meet the requirements of Federal Rule of Civil Procedure 23, Defendants[1] request that the Court deny Plaintiffs' motion in its entirety.

## II.     NAMED PLAINTIFFS

Two of the four named plaintiffs remain detained by ICE in the three detention centers at issue in this litigation.  Named plaintiff Cornelio has not been in ICE detention since his removal to Guatemala on February 11, 2014.  *See* Decl. of Michael Vaughn ("Vaughn Decl."), ¶ 9, attached as Ex. A to Declaration of Jennifer

---

[1]Defendants in this action include ICE; John Sandweg ("Sandweg"), Acting Director of ICE; U.S. Department of Homeland Security ("DHS"); Jeh Johnson ("Johnson"), Secretary of DHS; and Timothy Aitken ("Aitken"), Field Office Director for the ICE Enforcement and Removal Operations ("ERO") Field Office in San Francisco (collectively, "Defendants").  Mr. Sandweg will resign from his position as Acting Director of ICE effective February 21, 2014.  His successor will be substituted under Federal Rule Civil Procedure 25(d) on all future filings.

1    A. Bowen.  And named plaintiff Astorga-Cervantes posted bond and was released

2    from ICE custody on February 20, 2014.  *Id.* ¶ 19.

3        **A.    Audley Barrington Lyon, Jr.**

4

5        Lyon, a native and citizen of Jamaica, was placed into removal proceedings in

6    October 2013 before the Immigration Court in San Francisco, California; he has

7    been charged as removable under 8 U.S.C. § 1227(a)(2)(B)(i), based on a 2008

8    controlled substance conviction.  *See* Vaughn Decl., ¶¶3, 5.  Since October 22, 2013,

9    Lyon was previously detained by ICE at the West County Detention Facility in

10   Richmond, Contra Costa County, California ("Contra Costa facility") under the

11   mandatory pre-removal order detention scheme imposed 8 U.S.C. § 1226(c).[2]  *Id.* ¶

12   6.  Lyon is represented in his removal proceedings by an attorney from Centro Legal

13   de la Raza.  *Id.* ¶ 8.

14

15       **B.    Edgar Cornelio**

16       At his removal hearing on January 23, 2014, an Immigration Judge ordered

17   Cornelio removed to Guatemala.  *Id.* ¶ 9; *see also* Order of the Immigration Judge,

18   attached as Ex. B to Bowen Decl.  Cornelio waived his right to appeal this removal

19   order, rendering the removal order final.  Vaughn Decl. ¶ 9.  On February 11, 2014,

20   Cornelio was removed to Guatemala.  *Id.*

21

22

23

24

25       [2] Under the mandatory pre-removal order detention scheme imposed by 8
26   U.S.C. § 1226(c), absent exceptions not applicable or pursued in his case, Lyon is not
     eligible for a bond hearing for the first six months of his pre-removal order
27   detention.  *See Rodriguez v. Robbins*, 715 F.3d 1127, 1139 (9th Cir. 2013) (holding
     that a mandatory detainee must be afforded a bond hearing following six months of
28   detention (hereinafter, "*Rodriguez* bond hearing")).

C.    **José Elizandro Astorga-Cervantes**

Following an October 2013 arrest, Astorga-Cervantes, a native and citizen of Mexico, was placed into removal proceedings before the Immigration Court in San Francisco, California. *Id.*, ¶¶ 16, 18. ICE charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), based on a 1992 narcotics conviction. *Id.* ¶ 18. Astorga-was taken into ICE custody on November 20, 2013, and detained at the Rio Cosumnes Correctional Center in Sacramento County, California ("Sacramento facility"), which is located in the Eastern District of California. *Id.* ¶ 19. Astorga-Cervantes was detained under the pre-removal order detention scheme governed by 8 U.S.C. § 1226(a). *Id.* On January 23, 2014, an Immigration Judge granted him bond in the amount of $6,000. *Id.* Astorga-Cervantes posted bond and was released from custody on February 20, 2014. *Id.* Astorga-Cervantes is represented in his removal proceedings by an attorney with the American Civil Liberties Union. *Id.* ¶ 22.

D.    **Lourdes Hernandez-Trujillo**

Hernandez-Trujillo, a native and citizen of Mexico who overstayed her B-2 visitor visa, which expired in March 2008, was placed into removal proceedings in November 2012 before the Immigration Court in San Francisco, California. *Id.* ¶ 23-24. ICE charged her with removability under 8 U.S.C. § 1227(a)(1)(B) as an overstay who remained in the United States without authorization. *Id.* ¶ 24. Initially detained at the Sacramento facility, Hernandez-Trujillo has been detained at the Yuba County Jail ("Yuba facility") since April 2013. *Id.* ¶ 25. Based on a

1    criminal conviction for armed robbery, Hernandez-Trujillo is subject to mandatory

2    pre-removal order detention under 8 U.S.C. § 1226(c).  *Id.*  The attorney

3    representing Hernandez-Trujillo in her removal proceedings has declined

4    Hernandez-Trujillo's right to a bond hearing, pursuant to the Ninth Circuit's

5    decision in *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013) .  *Id.* ¶ 27.

6    Hernandez-Trujillo is next scheduled for an individual hearing before an

7    Immigration Judge on March 13, 2014.  *Id.* ¶ 28

8

9

10   ## III.    FEDERAL RULE OF CIVIL PROCEDURE 23

11          Plaintiffs seeking certification of a proposed class must first demonstrate the

12   existence of the four required elements set forth in Rule 23(a) of the Federal Rules

13   of Civil Procedure:

14

15          (1)    the class is so numerous that joinder of all members is
                   impracticable ["numerosity"];

16

17          (2)    there are questions of law or fact common to the class
                   ["commonality");

18

19          (3)    the claims or defenses of the [named plaintiffs] are typical of the
                   claims or defenses of the class ("typicality"); and

20

21          (4)    the [named plaintiffs] will fairly and adequately protect the
                   interests of the class ("adequacy of representation").

22

23   Fed. R. Civ. P. 23(a).  In addition to these four prerequisites, plaintiffs who propose

24   to certify their class under Rule 23(b)(2) – as Plaintiffs do in this action – must show

25   that "the party opposing the class has acted or refused to act on grounds generally

26   applicable to the class."  Fed. R. Civ. P. 23(b)(2).  "The party seeking class

27   certification bears the burden of demonstrating that the requirements of Rules 23(a)

28

1   and (b) are met." *United Steel Workers v. ConocoPhillips Co.*, 593 F.3d 802, 807 (9th

2   Cir. 2010); *see also Wal–Mart Stores, Inc. v. Dukes*, --- U.S. ---, 131 S.Ct. 2541, 2551

3   (2011) (same).  The failure to meet "any one of Rule 23's requirements destroys the

4   alleged class action." *Rutledge v. Elec. Hose & Rubber Co.*, 511 F.2d 668, 673 (9th

5   Cir. 1975).  The Supreme Court has held that "actual, not presumed, conformance

6   with Rule 23(a) [is] indispensable." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160

7   (1982).

8

9   **IV.   ARGUMENT**

10          Plaintiffs' motion for class certification should be denied for several reasons.

11   First, Plaintiffs' proposed class is overly broad and not limited to those individuals

12   who are or will be "held in government custody *pending deportation proceedings*."

13   Compl. ¶ 1 (emphasis added).  Second, Plaintiffs have not shown that they meet the

14   prerequisites of Rule 23(a), requiring adequate representation, commonality, and

15   typicality.  Finally, Plaintiffs fail to show that their proposed class meets the

16   cohesiveness required to certify a class under Rule 23(b)(2).

17          **A.      The Proposed Class Is Not Adequately Defined.**

18          "Although there is no explicit requirement concerning the class definition in

19   [Rule] 23, courts have held that the class must be adequately defined and clearly

20   ascertainable before a class action may proceed." *Lukovsky v. San Francisco*, No. C

21   05–00389 WHA, 2006 WL 140574, *2 (N.D. Cal. Jan. 17, 2006) (quoting *Schwartz v.

22   Upper Deck Co.*, 183 F.R.D. 672, 679–80 (S.D. Cal. 1999)).  In other words, "[a] class

23   definition should be 'precise, objective, and presently ascertainable.'" *O'Connor v.*

Defs.' Opp. to Motion for Class Cert.
No. 3:13-cv-05878-EMC                                        Page - 5

1    *Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (quoting Manual for

2    Complex Litigation, Third § 30.14, at 217 (1995)).  Because Plaintiffs' proposed class

3    definition is overly broad and not precisely defined, their motion for class

4    certification should be denied.

5    

6            Plaintiffs propose to certify a class consisting of "[a]ll current and future

7    adult immigration detainees who are or will be held by ICE in Contra Costa County,

8    Sacramento County, or Yuba County."  Compl. ¶ 83.  Yet the very first sentence of

9    their Complaint declares that "[t]his is a class action for injunctive and declaratory

10   relief necessary to remedy ongoing violations of the constitutional and statutory

11   rights of immigrants held in government custody *pending deportation proceedings*."

12   Compl. (ECF No. 1) ¶ 1 (emphasis added); *see also* Mot. (ECF No. 14) at 11

13   (asserting that "[a]ll members of the proposed class are held in ICE custody *while*

14   *awaiting* deportation proceedings" (emphasis added)).  Plaintiffs also admit that

15   they only seek to represent those ICE detainees who are "*[t]rying to [d]efend*

16   *[t]hemselves*" in removal proceedings.  Mot. (ECF No. 14) at 3 (emphasis added).

17   Because the class definition they propose is not so limited, Plaintiffs admit that

18   their proposed class is overly broad.  As defined by Plaintiffs, the proposed class

19   consists of all individuals detained by ICE regardless of whether any removal

20   proceedings are or have been pending.  Plaintiffs' conclusory assertion that "all class

21   members have, have had, or likely will have immigration proceedings before the

22   San Francisco Immigration Court," does not meet their burden to adequately define

23   the class they seek to represent.  Mot. (ECF No. 14) at 3-4 (citing Compl. (ECF No.

1) ¶ 37).  Indeed, not all ICE detainees who are detained under 8 U.S.C. § 1225(b) or

§ 1231 in Yuba, Contra Costa, or Sacramento County will necessarily have or have

had proceedings before the San Francisco Immigration Court.  Plaintiffs have failed

to adequately define the class they seek to certify.

**B.     The Proposed Class Does Not Meet Requirements of Rule 23(a).**

Additionally, Plaintiffs' motion must also be denied because the proposed

class fails to meet the prerequisites for certification under Rule 23 of the Federal

Rules of Civil Procedure.  "The class action is an exception to the usual rule that

litigation is conducted by and on behalf of the individual named parties only."

*Dukes*, 131 S. Ct. at 2550 (quotation marks omitted).  Furthermore, a class action

"may only be certified if the trial court is satisfied, after a rigorous analysis, that

the prerequisites of Rule 23(a) have been satisfied." *Falcon*, 457 U.S. at 161.  The

class proposed by Plaintiffs in this litigation falls short of satisfying the

requirements of Rule 23(a)(2)-(4).[3]

1. <u>The Named Plaintiffs Cannot Satisfy the Adequate
Representation Required by Rule 23(a)(4).</u>

While Defendants do not question that Plaintiffs' counsel can adequately

represent the proposed class,[4] Plaintiffs themselves have not demonstrated that

---

[3]     Defendants do not at this time challenge whether the proposed class meets
the numerosity requirement of Rule 23(a)(1), but reserve the right to do so in the
future should grounds arise for such a challenge.

[4]     "Although questions concerning the adequacy of class counsel were
traditionally analyzed under the aegis of the adequate representation requirement
of Rule 23(a)(4) of the Federal Rules of Civil Procedure, those questions have, since
2003, been governed by Rule 23(g)." *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d

1   they "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ.

2   P. 23(a)(4).  Courts consider two issues when assessing whether named plaintiffs

3   can adequately represent the proposed class:  (1) whether the named plaintiffs have

4   any conflicts of interest with other class members, and (2) whether the named

5   plaintiffs will prosecute the action vigorously on behalf of the class.  *Hanlon v.*

6   *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  Indeed, "uncovering conflicts of

7   interest between the named parties and the class they seek to represent is a critical

8   purpose of the adequacy inquiry." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 959

9   (9th Cir. 2009).

10       First, Plaintiffs cannot show that Cornelio will be an adequate class

11   representative given his removal to Guatemala on February 11, 2014.  *See* Vaughn

12   Decl. ¶ 9.  Cornelio was ordered removed from the United States by an Immigration

13   Judge on January 23, 2014.  *Id.*  Cornelio waived any right to appeal that removal

14   order, rendering it a final removal order and resulting in his removal.  *Id.*  Given

15   this development, Cornelio has not and cannot demonstrate that he can adequately

16   represent Plaintiffs' proposed class.

17       Second, none of the four named plaintiffs can adequately represent any ICE

18   detainee who alleges that his or her detention has been prolonged by inadequate

19   telephone access.  Lyon is detained under the mandatory pre-removal order

20   detention scheme governed by 8 U.S.C. § 1226(c), which precludes Lyon from

Cir. 2010) (citing Fed. R. Civ. P. 23(g), 2003 Advisory Committee Note). "Thus, under the plain language of the rule, a district court's decision to certify a class must *precede* the appointment of class counsel." *Id.* (emphasis in original).

Defs.' Opp. to Motion for Class Cert.
No. 3:13-cv-05878-EMC                                                 Page - 8

seeking release on bond at this time.  *See* Vaughn Decl., ¶ 6.  Prior to his removal to

Guatemala, Cornelio was released on bond in August 2010, but had that bond

revoked in September 2013 after he was arrested and incarcerated for driving under

the influence of alcohol in July 2013.  *Id*. ¶¶ 12-14.  Astorga-Cervantes was granted

release on $6,000 bond, which he posted on February 20, 2014.  *Id*. ¶ 19.  And

Hernandez-Trujillo has declined, through her attorney, to seek release on bond

pursuant to the Ninth Circuit's decision in *Rodriguez v. Robbins*, 715 F.3d 1127 (9th

Cir. 2013).  Therefore, none of the named plaintiffs can evidence any causation

between their detention and any allegedly inadequate telephone access.

      Third, only one of the four named plaintiffs alleges that she requested

assistance with placing a legal call from one of the three detention facilities.

Hernandez-Trujillo is the only named plaintiff to allege that she requested

assistance, but that her "request was denied."  *See* Decl. of Hernandez-Trujillo (ECF

No. 14-5), ¶ 16 (failing to confirm the number of requests made – if more than one –

or whether she was told the reason for the denial).  No other named plaintiff has

made such an assertion.  *See generally* Decl. of Lyon (ECF No. 14-2); Decl. of

Astorga-Cervantes (ECF No. 14-3); Decl. of Cornelio (ECF No. 14-4).  To the extent

there are options at each facility to request a private legal phone call that will not

automatically cut off after a certain time period and that is free for any indigent

detainee, a detainee's decision not to pursue such options will be a defense in this

litigation.  The failure of three of the four named plaintiffs to assert having ever

sought assistance in placing a call from their respective detention facilities allows

1    for the inference of a conflict between those named plaintiffs and the class they

2    propose to represent, precluding them from demonstrating that they can adequately

3    represent the proposed class.

4            Finally, to the extent Plaintiffs are allowed to certify the class as they have

5    defined it, Plaintiffs have not and cannot show that they will adequately represent

6    any ICE detainees who are subject to a detention statute other than 8 U.S.C. §

7    1226. *See* Vaughn Decl. ¶¶ 6, 14, 19, 25.  Only Cornelio – who has not shown that

8    he can serve as an adequate class representative from Guatemala – has been

9

10   subject to mandatory post-removal order detention under 8 U.S.C. § 1231.  *Id.* ¶ 9.

11   Additionally, Plaintiffs do not and cannot allege that any of the four named

12   plaintiffs have been subject to detention under 8 U.S.C. § 1225(b), a detention

13

14   scheme that affords "limited due process protection."  *Rodriguez*, 715 F.3d at 1140.

15   Plaintiffs cannot demonstrate that they can adequately represent their proposed,

16   overly-broad and imprecisely-defined class, as required by Rule 23(a)(4).

17

18           2.    <u>Plaintiffs Cannot Satisfy the "Commonality" Required by Rule
                   23(a)(2).</u>

19

20           Rule 23(a) requires "questions of law or fact common to the class." Fed. R.

21   Civ. P. 23(a)(2).  To satisfy this commonality prerequisite, the proposed class

22

23   members must "have suffered the same injury."  *Dukes*, 131 S. Ct. at 2551 (quoting

24   *Falcon*, 457 U.S. at 157).  Plaintiffs cannot satisfy this burden by merely alleging

25

26   that all of the proposed class members have "suffered a violation of the same

27   provision of law" or raise some "common questions."  *Id.* ("[The commonality]

28   language is easy to misread, since any competently crafted class complaint literally

1    raises common 'questions.'").  Rather, the proposed class members' claims must

2    depend upon a common contention, the determination of which "will resolve an

3    issue that is central to the validity of each one of the claims in one stroke."  *Id*.

4    Although "[t]he existence of shared legal issues with divergent factual predicates is

5    sufficient [to establish commonality]," *Hanlon*, 150 F.3d at 1019, commonality

6    cannot be established where there is wide factual variation requiring individual

7    adjudications of each class member's claims.  *See Nguyen Da Yen v. Kissinger*, 70

8    F.R.D. 656, 663-64 (N.D. Cal. 1976).

9         Plaintiffs have moved to certify a class consisting of "[a]ll current and future

10   adult immigration detainees who are or will be held by ICE in Contra Costa County,

11   Sacramento County, or Yuba County." Mot. (ECF No. 14) at Notice of Motion; *see*

12   *also* Compl. (ECF No. 1) ¶ 83.  This proposed class fails the commonality required

13   by Rule 23(a)(2).  First, Plaintiffs' attempt to raise a "systemic challenge" to their

14   conditions of confinement will require a showing of "widespread actual injury."

15   *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  Yet, those detainees within the proposed

16   class who are ineligible to seek relief from removal or who are awaiting removal

17   proceedings cannot evidence the "actual injury" required to contest their conditions

18   of confinement.  As noted by the *Lewis* Court, "depriving someone of a frivolous

19   claim . . . deprives him of nothing at all."  *Id.* at 353 n.3.  Because an unknowable

20   and indeterminable number of potential class members will not be able to

21   demonstrate any actual injury, Plaintiffs' broadly defined class cannot meet the

22   commonality threshold required by Rule 23(a)(2).

1    Moreover, Plaintiffs' "mere allegations of systemic violations of the law . . .

2    will not automatically satisfy Rule 23(a)'s commonality requirement." *See, e.g.,*

3    *Lightfoot v. District of Columbia*, 273 F.R.D. 314, 324 (D.D.C. 2011) (decertifying a

4    class for failure to meet the commonality required by Rule 23(a)(2)) (quoting *DG ex*

5    *rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010)).  Rather, any

6    analysis of Plaintiffs' claims regarding violations of constitutional and statutory

7    rights caused by lack of telephone access will necessarily require an independent

8    analysis with respect to each separate facility and the alternative options available

9    for placing telephone calls at each facility.  Unlike the class certified in *Abadia–*

10   *Peixoto v. DHS*, 277 F.R.D. 572 (N.D. Cal. Dec. 23, 2011), in which the plaintiffs

11   challenged a single ICE policy applying to the entire class, Plaintiffs in this action

12   challenge various practices at three detention facilities.  *See generally* Compl. (ECF

13   No. 1).  Rather, Plaintiffs challenge several practices, which they do not and cannot

14   allege stem from any overriding policy applicable to all facilities.

15       As such, any determination as to the legality of practices contested by

16   Plaintiffs will require independent and separate considerations as to each facility.

17   *See, e.g., Turk v. Plummer*, Case No. C 94-3043 VRW, 1994 WL 508678, at *1 (N.D.

18   Cal. Sept. 2, 1994) ("Pretrial detainees and prisoners' [constitutional rights are]

19   subject to rational limitations in the face of legitimate security interests of the penal

20   institution."); *Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002)  (denying the

21   plaintiff's constitutional claims where "the telephone restriction was rationally

22   related to a legitimate government interest [and the plaintiff] "had alternative

23
24
25
26
27
28

Defs.' Opp. to Motion for Class Cert.
No. 3:13-cv-05878-EMC                                        Page - 12

1   means of exercising his right to communicate"). The legal and factual questions as

2   to adequate telephone access at each facility at issue in this litigation preclude

3   Plaintiffs from meeting the commonality required by Rule 23(a)(2).

4          3.      Plaintiffs Cannot Satisfy the "Typicality" Required by Rule

5                  23(a)(3).

6          Plaintiffs have likewise failed to demonstrate that "the claims or defenses of

7   the representative parties are typical of the claims or defenses of the class." Fed. R.

8   Civ. P. 23(a)(3). The typicality requirement of Rule 23(a)(3) "derives its

9   independent legal significance from its ability to screen out class actions in which

10  the legal or factual position of the representatives is markedly different from that of

11  other members of the class even though common issues of law or fact are present."

12  *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 598 (3d Cir. 2012) (internal

13  quotation omitted). Thus, "a class representative must be part of the class and

14  possess the same interest and suffer the same injury as the class member." *Falcon*,

15  457 U.S. at 156. For the same reasons that Plaintiffs cannot satisfy the adequacy

16  and commonality prerequisites Rule 23(a), Plaintiffs also cannot satisfy the

17  typicality requirements of Rule 23(a)(3).

18  **C.    Rule 23(b)(2) Precludes Plaintiffs Proposed Class.**

19         "The key to the (b)(2) class is the indivisible nature of the injunctive or

20  declaratory remedy warranted – the notion that the conduct is such that it can be

21  enjoined or declared unlawful only as to all of the class members or as to none of

22  them." *Dukes*, 131 S. Ct. at 2557 (internal quotation omitted) (emphasis added). In

23  this litigation, unlike that before the *Abadia-Peixoto* Court, Plaintiffs do not

1    challenge a single policy applying to all facilities, but rather various practices

2    amongst the facilities.  As such, Plaintiffs have failed to show that any order by this

3    Court could apply to the entirety of the proposed class.  Rather, Plaintiffs'

4    allegations of wrongdoing will require this Court to consider those claims on a

5    facility-by-facility basis.  As this Court has held, "the right to access to counsel is

6    not absolute, but must be balanced against the legitimate government interest in

7    maintaining the security and safety of prison facilities." *Manly v. Sonoma County*,

8    Case No. C-92-3228 EFL, 1993 WL 742803, at *2 (N.D. Cal. Feb. 22, 1993) (citing

9    *Bell v. Wolfish*, 441 U.S. 520, 546 (1979)).  Plaintiffs have failed to show that their

10   proposed class can meet the cohesiveness required by Rule 23(b)(2).

## V.    CONCLUSION

15        This Court should deny Plaintiffs' motion for class certification.  Plaintiffs

16   have failed to adequately define their class, resulting in an overly broad and

17   unascertainable class.  Additionally, Plaintiffs have failed to carry their burden and

18   demonstrate that their proposed class meets the requirements of Rule 23.

21        //

24        //

26        //

1    DATED:                                February 21, 2014

2                                          STUART DELERY
3                                          Assistant Attorney General
                                           Civil Division
4
                                           COLIN A. KISOR
5                                          Acting Director

6
                                           ELIZABETH J. STEVENS
7                                          Assistant Director

8
                                            */s/ Jennifer A. Bowen*
9                                          JENNIFER A. BOWEN
                                           Trial Attorney
10                                         District Court Section
                                           Office of Immigration Litigation
11                                         Civil Division
                                           United States Department of Justice
12
13                                         *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### CERTIFICATE OF SERVICE
No. 3:13-cv-05878-EMC

3

4

    I hereby certify that on this 21st Day of February 2014, a true and correct

5

copy of **Defendants' Response in Opposition to Plaintiffs' Motion for Class**

6

**Certification and Appointment of Class Counsel (ECF No. 14)** was served

7

with the Clerk of Court by using the CM/ECF system, which provided an electronic

8

9

notice and electronic link of the same to all attorneys of record through the Court's

10

CM/ECF system.

11

12

13

14

                 */s/ Jennifer A. Bowen*
JENNIFER A. BOWEN

15

Trial Attorney, District Court Section

16

Office of Immigration Litigation
Civil Division

17

United States Department of Justice
P.O. Box 868, Ben Franklin Station

18

Washington, DC  20044

19

20

21

22

23

24

25

26

27

28