STUART F. DELERY
Assistant Attorney General
COLIN A. KISOR
Acting Director
ELIZABETH J. STEVENS
Assistant Director
JENNIFER A. BOWEN
KATHERINE A. SMITH
Trial Attorneys, Office of Immigration Litigation
U.S. Department of Justice – Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3558
Facsimile: (202)305-7000
Email: Jennifer.Bowen@usdoj.gov

*Attorneys for Defendants*

ROBERT P. VARIAN (STATE BAR NO. 107459)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, California 94105-2669
Telephone:        (415) 773-5700
Facsimile:        (415) 773-5759
Email:   rvarian@orrick.com

*Attorneys for Plaintiffs*
[Additional Counsel appear on signature page]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDLEY BARRINGTON LYON, JR., *et al.*, | ) |
| Plaintiffs, | ) No. 3:13-cv-05878-EMC |
| | ) |
| vs. | ) STIPULATED AND [PROPOSED] PROTECTIVE |
| | ) ORDER GOVERNING CONFIDENTIAL |
| | ) INFORMATION DISCLOSED THROUGH |
| U.S. IMMIGRATION & CUSTOMS | ) INFORMAL DISCOVERY TO SUPPORT |
| ENFORCEMENT, *et al.,*[1] | ) SETTLEMENT DISCUSSIONS & FOR |
| | ) FACILITATING CLASS COUNSEL ACCESS TO |
| Defendants. | ) CLASS |

---

[1]     Thomas S. Winkowski, Principal Deputy Assistant Director, ICE, is substituted under Fed. R. Civ. P. 25(d)for former Acting Director, John Sandweg, who was named as a defendant in this action in his official capacity but resigned from this position effective February 21, 2014.

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

1. **PURPOSES & LIMITATIONS**

1.1    The parties anticipate that during informal discovery in this action they will exchange documents, items, material, and other information that contain sensitive, confidential, proprietary, and/or private information that merits special protection from public disclosure.  This Stipulated Protective Order does not govern any future formal discovery related to the merits of this case and applies only to (a) class member information provided to facilitate Class Counsel's notice of class certification and access to class members and (b) informal settlement discussions.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order for purposes of informal discovery in support of settlement discussions and identification of class members only.  *See* ECF No. 31 (regarding notice to class); ECF No. 35 (ordering necessary informal discovery prior to settlement conference).  Such sensitive and confidential information may include (a) security arrangements, security plans, practices, policies, procedures, protocols or guidelines, security audits or reviews, building layouts, documents reflecting architectural plans, blueprints or schematics whose efficacy may be undermined by disclosure to the public, including but not limited to floor plans or plans specific to building security features, enhancements or vulnerabilities; (b) information subject to the Privacy Act (codified at 5 U.S.C § 552a) or the official information privilege that is protected from disclosure, in order to comply with the law; and (c) material containing private and confidential third-party information protected by the right to privacy guaranteed in the Federal Constitution and the First Amendment, in order to protect the privacy interest of those third-parties.

1.2     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in section 12, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.3     Pursuant to 5 U.S.C. § 552a(b)(11), this Stipulated Protective Order authorizes Defendants to produce to counsel for Plaintiffs and the Court discoverable information pursuant to Fed. R. Civ. P. 26(c) sought by Plaintiffs during informal discovery prior to settlement discussions, as well as identifying information regarding class members, containing unredacted, identifying information of third-parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents and without requiring officials of the United States to pre-screen each document for objections under Federal Rule of Civil Procedure 26(c) or the Privacy Act, 5 U.S.C. § 552a, and without presenting those objections to this Court for a decision regarding disclosure.  To the extent the relevant statute or regulation allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes disclosure of that information.

1.4     The Parties agree that the terms of this Protective Order will govern the production of information in response to Plaintiffs' informal discovery requests needed for all sides to evaluate the case for settlement purposes as well as the production of

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

identifying information regarding class members for purposes of providing notice of class

certification and facilitating Class Counsel's access to class members to the extent that such

production contains "Confidential Information" as defined in section 2 and designated

according to section 5. The terms of this Order shall also govern the safeguarding of such

information by all individuals referenced in sections 7 and 12.

**2.   DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of

information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: any information (regardless of how

it is generated, stored or maintained) or tangible things that are not publicly available and

qualify for protection under Federal Rule of Civil Procedure 26(c) and/or the Privacy Act, 5

U.S.C. § 552a including:  (a) the names, alien numbers, and detention facilities of the

particular individual(s) to whom the information relates and (b) any personally identifying

information related to third parties other than the individual whose information is being

sought, such as, but not limited to, information regarding familial relatives of individuals.

2.3.     Consulting Counsel: attorneys who are not Counsel of Record, but are (1)

affiliated with or employed by a law firm, agency, or organization that has appeared on

behalf of a Party and (2) consulted by a Party or by Counsel of Record for the purpose of

litigating this action.

2.4     Counsel of Record:  Counsel (as well as their support staff) who appear or

have appeared in this action on behalf of a Party in this action.

2.5     Designating Party:  a Party or Non-Party that designates information or items

that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity who is not named as a Party to this action.

2.9     <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (including their support staffs).

2.10    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.12    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

3.1     The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

Stipulation and Order do _not_ cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

       3.2     Aggregate information that does not permit the identification of the particular individuals to whom the information relates is not protected even if it is derived from source documents that are designated "Confidential."

**4.**    **DURATION**

       Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**    **DESIGNATION OF CONFIDENTIAL INFORMATION**

       5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify – within ten (10) business days – all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3     Designation in conformity with this Order requires:

(a)  **for information in documentary form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

making appropriate markings in the margins).  "Confidential Information" set forth in a response to an interrogatory may be so designated by including the word "Confidential" in the response.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) business days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the

Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty (20) business days of the initial notice of challenge or within fourteen (14) business days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by paragraph 6.2.  Failure by the Designating Party to make such a motion, including the required declaration, within the time allotted by this paragraph shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the paragraph 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described in this paragraph (paragraph 6.3), all parties shall continue to afford the material

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

in question the level of protection due under this Order for Confidential Information until the Court rules on the challenge.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for attempting to settle this litigation and identifying class members for the purpose of providing notice to class members of class certification and facilitating Class Counsel's access to class members.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12.3 below (re: Return of Confidential Information).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information designated as "Confidential," including the portion of any document containing "Confidential" information, may be disclosed by a Receiving Party only to the following persons and only to the extent necessary to litigate this action:

(a)     Counsel of Record for Plaintiffs, Counsel of Record for Defendants, Consulting Counsel, and any support staff of such counsel assisting in this action with an appropriate need to know;

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, including evaluation of settlement positions, subject to paragraph 7.3;

(c)     Any other person mutually authorized by the Parties to examine such information, subject to paragraph 7.3; and/or

(d)     The Court and its personnel, including court reporters.

All persons listed in paragraph 7.2(a) to whom "Confidential" information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in paragraph 7.2(b)-(d), any information designated as "Confidential Information," except as provided in this Stipulated Protective Order.

7.3     <u>Acknowledgment and Agreement to Be Bound</u> (Exhibit A).  All persons listed in paragraphs 7(b) and (c) to whom "Confidential Information" is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment and Agreement to Be Bound by Protective Order, attached hereto as Exhibit A.  Each signed Acknowledgment form shall be maintained by counsel for the Plaintiffs or counsel for the Defendants as appropriate, depending on the Party seeking to disclose Confidential information.

7.4     <u>Use of "Confidential" Information in Court Filings</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record any "Confidential" Information.  In the event a Party wishes to use any "Confidential" Information produced under this Stipulated Protective Order in a court filing, such filings shall either be:  (a) filed in accordance with Civil Local Rule 79-5 or (b) redacted to

preclude any Confidential Information from entering into the public record. Should a Party elect to redact any and all Confidential Information from a pleading rather than file that pleading in accordance with Civil Local Rule 79-5, the filing Party will serve such redacted pleading on the non-filing Party via e-mail rather than via CM/ECF, allowing the non-filing Party three (3) business days to raise any objections concerning the release of Confidential Information, before filing such redacted pleading with the Court via CM/ECF. This provision does not apply to the Parties' submission of "Confidential" Information to the Magistrate Judge assigned to proceed over settlement conferences in this case, provided those submissions are not filed in the public record.

7.5     Use of "Confidential" Information at Hearings.

The parties do not anticipate using at any hearing any "Confidential" information disclosed during informal discovery prior to settlement discussions or for the purpose of identifying class members to facilitate notice of class certification and Class Counsel's access to class members. Should such need arise, the Parties will follow the instructions for use of "Confidential" information in Court Filings as detailed in paragraph 7.4.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    The Parties agree that any discovery sought from Non-Parties who owe a duty of confidentiality to one or more Parties can be disclosed without violating that duty

of confidentiality if such discovery would otherwise be covered by this Protective Order and disclosure is made in accordance with this Protective Order.  Because this Protective Order is sufficient to protect such confidential information, a duty of confidentiality to one of the Parties shall not be a basis for any Non-Party to withhold covered records or information sought through third-party discovery in this litigation.

9.3     In the event that a Party is required by a valid discovery request to produce a Non-Party's confidential information which in that Party's possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

9.4     If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the Court.[2]  Absent

a court order to the contrary, the Non-Party shall bear the burden and expense of seeking

protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the

Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all

unauthorized copies of the Protected Material, (c) inform the person(s) to whom

unauthorized disclosures were made of all the terms of this Order, and (d) request such

person(s) execute the "Acknowledgment and Agreement to Be Bound" that is attached

hereto as Exhibit A within ten (10) business days of learning of the unauthorized

disclosure.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of

the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

---

[2]  The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect
its confidentiality interests in this Court.

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

**12.**   <u>**MAINTAINING CONFIDENTIAL INFORMATION**</u>

The Parties shall maintain "Confidential Information" as follows:

12.1    Counsel of Record and anyone to whom "Confidential Information" has been disclosed in accordance with section 7.2 shall maintain all remaining "Confidential" Information pursuant to the terms of this Stipulated Protective Order, subject to further order by this Court.  Within sixty (60) days after the final disposition of this action – as defined by section 4, including any and all appeals – all discovery and copies thereof in the possession of Plaintiffs and anyone to whom "Confidential Information" has been disclosed in accordance with section 7.2 shall be returned to the Defendants or destroyed, except as this Court may otherwise order, in accordance with section 12.3, but excluding the archival copies for counsel's records contemplated by paragraph 12.2.

12.2    Notwithstanding paragraphs 12.1 and 12.3, counsel of record for Plaintiffs and counsel of record for Defendants may each maintain one (1) complete set of discovery for their records, provided that such counsel maintain the confidential nature of the discovery.  Also notwithstanding paragraphs 12.1 and 12.3, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration).

12.3    With the exception of the archival copies contemplated by paragraph 12.2, within sixty (60) days after the final disposition of this action, including any appeals and any ongoing and/or permanent injunctions and as defined in section 4, each Receiving

Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**13.** **MODIFICATIONS AND CONTINUING EFFECT**

13.1 Any Party may apply to this Court at any time, upon proper notice, for a modification of this Stipulated Protective Order with respect to the handling or designation of any document or for any other purpose. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this litigation. This Parties shall take such reasonable measures as are necessary and appropriate to prevent the disclosure of Protected Material, through inadvertence or otherwise, after the conclusion of this action.

13.2 This Stipulated Protective Order shall be binding upon any present or future party to the *Lyon, et al. v. ICE, et al.*, No. 13-cv-05878-EMC (N.D. Cal.), litigation.

13.3 The terms of this Stipulated Protective Order shall survive the termination of this action after its final disposition for purposes of enforcing this Stipulated Protective Order.

**14.    RIGHTS OF PARTIES**

14.1.    Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right, or claim by either party, nor shall this Stipulated Protective Order affect the right of any Producing Party to seek additional protection against the disclosure of any documents or materials, or of any Receiving Party to seek additional disclosures.

14.2.    This Stipulated Protective Order shall be effective and enforceable upon entry by the Court, except that the Parties shall agree to abide by its terms prior to entry of any order.

14.3    Agreement to this Protective Order does not waive any rights of any Party to assert, and/or object to, a claim of any privilege as to these or similar documents.

14.4    Nothing in this Stipulated Protective Order shall preclude the disclosure of any "Confidential" Information with respect to an individual who affirmatively consents in writing to the disclosure of his/her own private information.

14.5    This Stipulated Protective Order shall not preclude any Party from disclosing publicly-available information.


THE PARTIES SO STIPULATE, THROUGH COUNSEL OF RECORD.

Dated: May 30, 2014                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                       By:    */s/ Robert P. Varian*
                                              ROBERT P. VARIAN
                                              M. TODD SCOTT
                                              ALEXANDER K. TALARIDES
                                              ALEXIS YEE-GARCIA
                                              CHRISTINE M. LOUIE

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

Dated: May 30, 2014

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA

By:     */s/ Julia Harumi Mass*
        JULIA HARUMI MASS (SBN 189649)
        JINGNI (JENNY) ZHAO (SBN 284684)
        MICHAEL T. RISHER (SBN 191627)
        39 Drumm Street
        San Francisco, CA 94111
        Telephone:  (415) 621-2493
        Facsimile:  (415) 255-8437
        Email:  jmass@aclunc.org

AMERICAN CIVIL LIBERTIES UNION
NATIONAL PRISON PROJECT

By:     */s/ Carl Takei*
        CARL TAKEI (SBN 256229)
        915 15th Street N.W., 7th Floor
        Washington, DC 20005
        Telephone: (202) 393-4930
        Facsimile: (202) 393-4931
        Email: ctakei@aclu.org

*Attorneys for Plaintiffs*

Dated: May 30, 2014

OFFICE OF IMMIGRATION LITIGATION,
U.S. DEPT OF JUSTICE – CIVIL DIVISION

STUART DELERY
Assistant Attorney General

COLIN A. KISOR
Acting Director

ELIZABETH J. STEVENS
Assistant Director

By:     */s/ Jennifer A. Bowen*
        JENNIFER A. BOWEN
        KATHERINE A. SMITH

*Attorneys for Defendants*

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

1    IT IS SO ORDERED.

2

3

4

5    Dated: June _____3____, 2014



6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
No. 3:13-cv-05878-EMC

**EXHIBIT A**

**<u>ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER</u>**

I, _____, am associated with the litigation in *Lyon, et al. v. ICE, et al.*, No. 13-cv-05878-EMC (N.D. Cal.) in the capacity of _____.

I acknowledge reading and understanding the Stipulated Protective Order Governing Confidential Information issued in the *Lyon* action on _____, and I agree to be bound by all provisions thereof.

Executed this _____ day of _____ at _____.


SIGNATURE: _____