ROBERT P. VARIAN (STATE BAR NO. 107459)
DAVID KEENAN (WA Bar No. 41359 (*pro hac vice*))
CHRISTINE M. SMITH (STATE BAR NO. 267929)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: rvarian@orrick.com

Attorneys for Plaintiffs
[Additional Counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDLEY BARRINGTON LYON, JR., et. al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | Case No.: 13-cv-05878 EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: February 12, 2015 <br> Time: 10:30 a.m., Courtroom 5 <br> Judge: Hon. Edward M. Chen |

The parties to this action, Plaintiffs Audley Barrington Lyon, Jr., José Elizandro Astorga-Cervantes, Lourdes Hernandez-Trujillo, and the certified class they represent (collectively "Plaintiffs"), by and through their attorneys of record, and Defendants United States Immigration and Customs Enforcement ("ICE"); Sarah Saldaña, Director, ICE [1]; United States Department of Homeland Security ("DHS"); Jeh Johnson, Secretary of DHS; and Timothy Aitken, Field Office Director for the ICE Enforcement and Removal Operations ("ERO") Field Office in San Francisco (collectively "Defendants"), by and through their attorneys of record, have met and conferred as required by Federal Rules of Civil Procedure Rule 26(f), and based thereon, jointly submit this report in compliance with this Court's Standing Order for All Judges of the Northern District of California.

## I. JURISDICTION

This Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 2201 and 2202 (declaratory relief), and 5 U.S.C. §706 (waiver of sovereign immunity). Plaintiffs allege that venue is proper in the Northern District of California under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred, and continues to occur, in this District. Defendants deny that venue is proper in the Northern District of California for members of the class detained in the Rio Cosumnes Correctional Facility in Sacramento County, California (the "Elk Grove Facility"); the Elk Grove Facility is located in the Eastern District of California. All parties have been served.

## II. BACKGROUND FACTS

At the time the lawsuit was filed, the individual Plaintiffs were immigrants held in ICE custody in connection with proceedings seeking to remove them from the United States. Plaintiff Lyon remains in ICE custody at the West County Detention Center in the city of Richmond, Contra Costa County, California (the "Richmond Facility"). Plaintiff Astorga-Cervantes was previously held in ICE custody at the Elk Grove Facility in the Eastern District of California

---

[1] Sarah Saldaña, Director, ICE, is substituted under Fed. R. Civ. P. 25(d) for former Acting Director, John Sandweg, who was named as a defendant in this action in his official capacity but resigned from this position effective February 21, 2014.

pending his removal proceedings; Astorga-Cervantes posted bond and was released from immigration detention on February 20, 2014. Plaintiff Hernandez-Trujillo was previously detained at both the Sacramento Main Jail (which was the predecessor facility used by Sacramento County to house ICE detainees) and the Yuba County Jail (the "Yuba Facility") prior to being released on an order of supervision on April 4, 2014.[2] ICE does not itself operate any of the three facilities at issue in this litigation, but contracts with the facilities for immigration detention space. ICE has entered into separate Intergovernmental Service Agreements ("IGSA") with the Sacramento County and the Yuba County to house immigration detainees. ICE is recognized as an authorized user to the Intergovernmental Agreement ("IGA") between the U.S. Marshall's Service and the Contra Costa County.

On December 19, 2013, Plaintiffs filed a class action complaint for declaratory and injunctive relief based on alleged violations of constitutional and federal statutory rights, including rights to be represented by and consult with counsel, gather and present evidence, obtain due process and a fair hearing in their removal proceedings and petition government agencies for information and redress of grievances pursuant to the First Amendment. *See* ECF No. 1. On February 21, 2014, Defendants answered the Complaint, denying Plaintiffs' allegations of wrongdoing, challenging venue for all claims asserted by class members detained in the Eastern District of California, and challenging Plaintiffs' ability to satisfy the prerequisites of Federal Rule of Civil Procedure 23 to maintain their class action. *See* ECF No. 24. The key factual issues in dispute center on whether Defendants' practices and policies related to telephone access at the detention facilities in which Plaintiffs are or were held violate Plaintiffs' constitutional and statutory rights in connection with proceedings to remove them from the United States, and Defendants' asserted bases and justifications for those policies and practices.

Following oral argument on Plaintiffs' motion for class certification on April 10, 2014, the

---

[2] Defendants served initial discovery requests on Plaintiffs, including Plaintiff Cornelio, on October 23, 2014. Plaintiff Cornelio has neither responded to those discovery requests nor sought an extension of time in which to respond. Plaintiffs' counsel has been unable to communicate with Plaintiff Cornelio. Accordingly, on February 4, 2015, Plaintiffs filed a Joint Stipulation of Voluntary Dismissal of Plaintiff Cornelio. *See* ECF Nos. 70-71.

OHSUSA:761093497.4

Court certified the class as proposed by Plaintiffs on April 16, 2014. *See* ECF Nos. 30 & 31. The Court held an initial case management conference on July 10, 2014, and issued a Case Management and Pretrial Order for Bench Trial the following day. *See* ECF Nos. 46-47. Plaintiffs served their initial discovery requests on July 11, 2014. The parties agreed to stay discovery from August 15, 2014 to October 9, 2014, to allow the parties to focus exclusively on settlement discussions, but otherwise continue to actively exchange information through the formal discovery process.

### III. LEGAL ISSUES

The primary legal issues in this case are whether Defendants' policies and practices relating to telephone access at the facilities in which Plaintiffs are or were held in ICE custody violate Plaintiffs' rights to retain and consult counsel, to gather and present evidence, to petition the government for redress of grievances pursuant to the First Amendment's Petition Clause and to obtain a fair hearing under the Fifth Amendment Due Process Clause and 8 U.S.C. §§ 1362, 1229a(b)(4)(A) and 1229a(b)(4)(B). Plaintiffs contend the analysis will require the interpretation and application of statutory protections and the balancing of the Plaintiffs' constitutional and statutory interests with the Defendants' reasons for restricting and denying telephone access, including an evaluation of alternatives to the current system.

### IV. MOTIONS

There are no pending motions at this time. The Parties expect to file motions for summary judgment, as well as other motions, including discovery motions, as necessary.

### V. AMENDMENT OF PLEADINGS

Plaintiffs anticipate amending the pleadings to substitute some of the named Plaintiffs in this action. Plaintiffs do not intend to amend the pleadings to assert additional causes of action or add any new defendants.

### VI. EVIDENCE PRESERVATION

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that the Parties have met and conferred pursuant to

Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**VII. DISCLOSURES**

The Parties exchanged their initial disclosures under Federal Rule of Civil Procedure 26(a) on April 3, 2014.

**VIII. DISCOVERY**

In addition to their initial disclosures and confidential informal discovery solely related to settlement discussions, the Parties continue to conduct discovery in this action. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Parties submit the following discovery plan.

a. At this time, the Parties do not foresee the need to change the timing, form, or requirement for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure.

b. Plaintiffs have sought and will continue to seek discovery that focuses on, among other things, matters regarding Defendants' policies and practices regarding Plaintiffs' telephone access, including but not limited to (i) the effects of those policies and practices on the ability of Plaintiffs to retain and consult with counsel, (ii) the effects of those policies and practices on the ability of Plaintiffs to obtain evidence and present evidence in connection with their removal proceedings; (iii) the effects of those policies on the ability of Plaintiffs to obtain documents, information and visas from government agencies and others in connection with efforts to obtain relief from removal; (iv) the negotiation, monitoring and enforcement of the contracts pursuant to which Plaintiffs are held in ICE custody, (v) the promulgation and enforcement of the Defendants' Detention Standards; (vi) whether the policies and practices denying and restricting telephone access to Plaintiffs conform to Defendants' Detention Standards or the contracts pursuant to which Plaintiffs and the proposed class are held in ICE custody; (vii) the rationale and alleged justification for Defendants' telephone access policies and practices; (viii) alternatives to Defendants' policies and practices sufficient to remedy the alleged violations of Plaintiffs' statutory and constitutional rights. Plaintiffs do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

OHSUSA:761093497.4

c. Defendants have sought and anticipate continuing to seek discovery related, but not limited, to the following: (i) the named Plaintiffs' continued ability to represent the class; (ii) the named Plaintiffs' requests, both formal and informal, to access a telephone while held in immigration detention; (iii) any complaints or grievances asserted by the named Plaintiffs to any immigration officers or the detention facilities while in immigration detention regarding Defendants' policies and practices related to telephone access; (iv) any differences in experiences amongst the named Plaintiffs between the three facilities regarding telephone access; (v) any actual harm suffered by the Plaintiffs caused by Defendants' policies and/or practices related to telephone access, including any allegations that any policies and/or practices precluded and/or interfered with Plaintiffs' attempts to secure counsel and/or defend themselves against charges of removal; (vi) any alternative means for immigration detainees to place legal phone calls other than those means ordinarily provided to the general prison population or for non-legal phone calls; and (vii) any alternative means for immigration detainees to communicate with counsel and/or persons necessary to prepare a defense to charges of removal other than the telephone system available to the general population at each of the three facilities.

d. The Parties do not anticipate any issues regarding electronically stored information in this action. Should e-discovery become an issue, the Parties will work on a mutually agreeable plan regarding the form in which electronically stored data should be produced, and only involve the Court as a last resort. The Parties have considered entering into a stipulated e-discovery order, but have decided that such an order is unnecessary.

e. The Parties filed and the court signed a stipulated protective order to govern the production of documents on January 13, 2015. *See* ECF No. 67.

f. At this time, the Parties do not believe any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule will be necessary, and reserve the right to request them in the future, if necessary.

g. The Parties propose amending the schedule for discovery set forth in the Court's July 11, 2014 Case Management and Pretrial Order for Bench Trial (*see* ECF No. 47). The

5

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 13-CV-05878 EMC

OHSUSA:761093497.4

parties have been engaged in settlement discussions, and had agreed to a temporary stay of discovery in this matter during part of those discussions. As a result of that temporary stay, the parties seek additional time to complete necessary discovery in this action and have agreed to propose the revised case schedule set forth in Section XVII *infra*.

    h.    The requested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2)(D) is discussed in Section XVII *infra*.

## IX. CLASS ACTIONS

The Court certified a class of "all current and future immigration detainees who are or will be held by ICE in Contra Costa, Sacramento, and Yuba Counties." *See* ECF No. 31.

## X. RELATED CASES

There are no related cases or proceedings pending before this Court or any other court or administrative body.

## XI. RELIEF

Plaintiffs seek declaratory relief, injunctive relief, and attorney's fees and costs.

## XII. SETTLEMENT AND ADR

Magistrate Judge Ryu has presided over ongoing settlement communications in this matter. The Parties attended several settlement conferences, including conferences at the three jails where class members are housed, participated in telephonic settlement conferences, and exchanged written settlement proposals from June to October, 2014. *See* ECF Nos. 43, 50, 52, 55, 58, 59. Defendants plan to submit a written statement of their settlement position to Plaintiffs on February 9, 2015. *See* ECF No. 61.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

OHSUSA:761093497.4

## XV. NARROWING OF ISSUES

It is still premature to determine whether any issue can be narrowed. The Parties are willing to meet and confer again to ascertain whether issues can be narrowed by agreement, after discovery has been completed.

## XVI. EXPEDITED SCHEDULE

The Parties agree that this case is not suitable for expedited trial pursuant to the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

For the reasons set forth in Section VIII.g. *supra*, the Parties propose the following amended schedule for discovery, designation of experts, motions, pretrial conference, and trial. This is the parties' first request for an amendment to the schedule set forth in the Court's Case Management and Pretrial Order for Bench Trial (ECF No. 47).

|  | Current Schedule | Proposed Schedule |
| --- | --- | --- |
| Initial Disclosures | April 3, 2014 | April 3, 2014 |
| Fact Discovery Cutoff | May 14, 2015 | July 14, 2015 |
| Expert Disclosure and Exchange of Opening Reports | May 28, 2015 | July 28, 2015 |
| Rebuttal Expert Disclosure and Exchange of Rebuttal Expert Reports | June 18, 2015 | August 18, 2015 |
| Expert Discovery Cutoff | July 9, 2015 | September 9, 2015 |
| Last Day to Hear Dispositive Motions | August 27, 2015 | October 29, 2015 |
| Last Day to File and Serve Joint Pretrial Statement | October 6, 2015 | December 15, 2015 |
| Final Pretrial Conference | October 27, 2015 | January 5, 2016 |
| Trial Date | November 16, 2015[3] | January 25, 2016 |

---

[3] Defendants note that trial days no. 5-8 (Nov. 23-25, 27) are currently scheduled to occur the week of Thanksgiving. Because Defendants' counsel work and reside in Washington, D.C., Defendants respectfully request that – if the Court does not amend the case management schedule as the parties request – the Court please consider rescheduling trial days no. 5-8 (Nov. 23-25, 27).

**XVIII. TRIAL**

Plaintiffs estimate that the Court trial of this matter will last 10-14 days. Defendants believe that – if this matter cannot be settled between the parties – this case will be ripe for decision on motions for summary judgment, rendering trial unnecessary. Plaintiffs do not agree that the asserted claims can be resolved on summary judgment.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Neither party is currently aware of any interested non-party to this case.

**XX. OTHER MATTERS**

The Parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| Dated: February 5, 2015 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By: | */s/ Robert P. Varian* |
| | | ROBERT P. VARIAN (SBN 107459) |
| | | DAVID KEENAN (WA Bar No 41359 (*pro hac vice*)) |
| | | CHRISTINE M. SMITH (SBN 267929) |
| | | JUDY S. KWAN (SBN 273930) |
| | | ALEXIS YEE-GARCIA (SBN 277204) |
| | | MATTHEW R. KUGIZAKI (SBN 286795) |
| | | JAYA KASIBHATLA (NY Bar No. 5208087 (*pro hac vice*)) |
| Dated: February 5, 2015 | | AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA |
| | By: | */s/ Julia Harumi Mass* |
| | | JULIA HARUMI MASS (SBN 189649) |
| | | MICHAEL T. RISHER (SBN 191627) |
| | | 39 Drumm Street |
| | | San Francisco, CA 94111 |
| | | Telephone: (415) 621-2493 |
| | | Facsimile: (415) 255-8437 |
| | | Email: jmass@aclunc.org |
| | | AMERICAN CIVIL LIBERTIES UNION NATIONAL PRISON PROJECT |
| | By: | */s/ Carl Takei* |
| | | CARL TAKEI (SBN 256229) |
| | | 915 15th Street N.W., 7th Floor |
| | | Washington, DC 20005 |
| | | Telephone: (202) 393-4930 |
| | | Facsimile: (202) 393-4931 |
| | | Email: ctakei@aclu.org |
| | | *Attorneys For Plaintiffs* |

| | | |
|---|---|---|
| 1 | Dated: February 5, 2015 | DISTRICT COURT SECTION |
| 2 | | OFFICE OF IMMIGRATION LITIGATION |
| | | CIVIL DIVISION |
| 3 | | U.S. DEPARTMENT OF JUSTICE |
| 4 | | JOYCE R. BRANDA |
| | | Acting Assistant Attorney General |
| 5 | | |
| 6 | | WILLIAM C. PEACHEY |
| | | Director |
| 7 | | |
| | | ELIZABETH J. STEVENS |
| 8 | | Assistant Director |
| 9 | | |
| 10 | | By:  */s/ Jennifer A. Bowen* |
| | | JENNIFER A. BOWEN |
| 11 | | KATHERINE J. SHINNERS |
| | | KATHERINE A. SMITH |
| 12 | | Trial Attorney |
| | | P.O Box 868, Ben Franklin Station |
| 13 | | Washington, D.C. 20044 |
| | | Telephone: (202) 616-3558 |
| 14 | | Facsimile: (202) 305-7000 |
| 15 | | Email: jennifer.bowen@usdoj.gov |
| 16 | | *Attorneys For Defendants* |