ROBERT P. VARIAN (SBN 107459)
CHARLES J. HA (*pro hac vice*)
ALEXIS YEE-GARCIA (SBN 277204)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759
Email: rvarian@orrick.com

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
JULIA HARUMI MASS (SBN 189649)
ANGELICA SALCEDA (SBN 296152)
CHRISTINE P. SUN (SBN 218701)
39 Drumm Street
San Francisco, CA  94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: jmass@aclunc.org
Attorneys for Plaintiffs

[Additional Counsel appear on following page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AUDLEY BARRINGTON LYON, JR., et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No.:  13-cv-05878-EMC<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO THE CLASS AND SETTING FAIRNESS HEARING**<br><br>Hon. Edward M. Chen |

CARL TAKEI (SBN 256229)
AMERICAN CIVIL LIBERTIES UNION
NATIONAL PRISON PROJECT
915 15th Street N.W., 7th Floor
Washington, DC 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
Email: ctakei@aclu.org

MARC VAN DER HOUT (SBN 80778)
MEGAN SALLOMI (SBN 300580)
VAN DER HOUT, BRIGAGLIANO, & NIGHTINGALE, LLP
180 Sutter Street, Suite 500
San Francisco, CA 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: msal@vblaw.com

Attorneys for Plaintiffs

This matter having come before this Court on Plaintiffs' unopposed motion for preliminary Approval of the proposed settlement of the above-captioned class action (the "Action") pursuant to the parties' Settlement Agreement ("Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2. The Court has conducted a preliminary evaluation of the Agreement for fairness, adequacy and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Agreement is fair, reasonable and adequate and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues in the Action, and (iii) the notice of the material terms of the Agreement to Class Members for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Agreement.

3. On _____September 29_____, 2016 at _1_:_30p_.m., or at such other date and time later set by Court order, this Court will hold a hearing on the fairness, adequacy and reasonableness of the Agreement (the "Fairness Hearing") and will determine whether final approval of the Agreement should be granted via entry of the Proposed Final Order Approving Settlement attached as Exhibit C to the Agreement.

4. The Court approves the form and manner of giving direct notice to Class Members by, within ten (10) business days of the entry of this order: (i) posting the Notice to the Class and this Agreement in appropriate places on the ICE public website; (ii) providing the Notice to the Class and this Agreement to immigration attorneys in the San Francisco Bay Area through the local American Immigration Lawyers' Association and National

Lawyers Guild listservs; (iii) providing the Notice to the Class and this Agreement in appropriate places on the website of the ACLU of Northern California; (iv) posting the Notice to the Class in all housing units in the Facilities where Class Members are housed, in an area prominently visible to immigration detainees; and (v) providing individual copies of the Notice to the Class to any Class Members who are housed in segregation, medical, holding, or other specialized units with restricted access to common areas during Facility waking hours.

5. Notice shall be posted/distributed by the Parties substantially in the form of Exhibit B to the Agreement (in English and in Spanish), within ten (10) business days of this order and shall remain posted, and shall be maintained or replaced with new copies as needed, until the Court issues an order finally approving or rejecting the Settlement.  Additionally, if Class Counsel timely provides Defendant ICE with translations of Exhibit B in other languages, Defendant ICE shall ensure that a notice is posted in those languages at the locations specified in subparagraph 4(iv), informing Class Members that such translations are available.

6. Class Counsel shall be responsible for meeting the notice requirements listed in subparagraphs 4(ii)-(iii) above and ensuring maintenance of such notice, and Defendant ICE shall be responsible for meeting the notice requirements listed in subparagraphs 4(i), (iv) and (v) above and ensuring maintenance of such notice.

7. Class Members who seek a copy of the Agreement, the Notice, or Plaintiffs' Motion for Attorneys' Fees and Costs may obtain copies from visiting ICE agents in the facilities in which they are housed or by calling Class Counsel through the pro bono platform maintained by ICE in the facilities, or by sending a letter to Class Counsel at the address

listed in the Notice. Class Counsel and ICE shall promptly respond to such requests for additional information.

8. The Notice in form, method and content complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

9. Any Class Member may object to final approval of the Agreement by submitting his or her objection ("Objection") to the Court in writing, via regular mail to Class Action Clerk, United States District Court of the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California (or for objectors represented by counsel, via the Court's ECF system), provided, however, that all Objections must be received by the Court no later than twenty-one (21) days prior to the Fairness Hearing.

10. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for his or her objection to be considered by the Court; however, any additional papers, briefs, pleadings, or other documents that any objector would like the Court to consider must be mailed to the Court no later than twenty-one (21) days prior to the final approval hearing. All papers filed by an objector with the Court shall include the caption *Lyon et al. v. ICE et al.*, No. 13-cv-05878-EMC, and provide: (i) the Class Member's full name and current detention facility or address; (ii) a signed declaration that the Class Member is a member of the Class; (iii) the specific grounds for the objection; (iv) all documents or writings that the Class Member desires the Court to consider; and (vii) a notice of intention (if any) to appear at the Fairness Hearing. A sample objection form is attached to the Notice.

11. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections

in this Action. While the declaration described in subparagraph 10(ii) is prima facie evidence that the objector is a member of the Class, the parties may take discovery regarding the matter, subject to Court approval. If an objector does not submit his or her Objection in accordance with the deadline and procedure set forth in the notice, and the Class Member is not granted relief by the Court, the Class Member will be deemed to have waived his or her right to be heard at the Fairness Hearing.

12. The Agreement, and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Settlement, and this Order, shall not be offered or received against any party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the parties of the truth or falsity of any fact, claim, defense, or argument that was or could have been asserted in the Action, or any admission of liability, negligence, fault, or wrongdoing by any party, or referred to in any other way for any other reason as against the parties to the Agreement, in any other civil, criminal, or administrative action or proceedings, other than in proceedings to enforce the Agreement. Nothing contained herein, however, shall be construed to prevent the parties from offering the Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

IT IS SO ORDERED.   Plaintiffs' Motion for Attorney's Fees (Docket No. 263) will also be heard on September 29, 2016.

Dated __July 1, 2016__   _____
Hon. Edward M. Chen
U.S. District Court Judge



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen