UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDLEY BARRINGTON LYON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No. 13-cv-05878-EMC<br><br>**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Docket No. 280 |

WHEREAS Plaintiffs Audley Barrington Lyon, Jr., José Elizandro Astorga-Cervantes, and Nancy Neria-Garcia, on behalf of themselves and all class members (collectively, "Plaintiff Class"), by and through their counsel of record, have asserted claims for declaratory and injunctive relief against Defendants U.S. Immigration and Customs Enforcement ("ICE"), Sarah Saldaña in her official capacity as Director of ICE, the U.S. Department of Homeland Security, Jeh Johnson in his official capacity as Secretary of Homeland Security, and Adrian Macias in his official capacity as Acting Field Office Director for ICE's San Francisco Field Office (collectively "Defendants"), alleging violations of the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.* and the First and Fifth Amendments to the U.S. Constitution; and

WHEREAS on April 16, 2014, the Court certified a class of "[a]ll current and future immigration detainees who are or will be held by ICE in in Contra Costa, Sacramento, and Yuba Counties" (ECF No. 31);

WHEREAS on July 27, 2015, the Court granted Plaintiffs' motion to modify the certified class to include "[a]ll current and future adult immigration detainees who are or will be held by ICE in Contra Costa County, Kern County, Sacramento County, or Yuba County" ("Plaintiff Class") (ECF No. 98);

WHEREAS on March 18, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiffs' motion for summary judgment (ECF No. 167);

WHEREAS the Court found that Plaintiffs' Counsel are adequate to represent the Plaintiff Class under Federal Rule of Civil Procedure 23(g)(1) and (4), and appointed Plaintiffs' Counsel as Class Counsel under Rule 23(g) in an Order dated April 16, 2016; and

WHEREAS the Plaintiff Class and Defendants entered into a settlement of the above-captioned matter ("Settlement") and executed a Settlement Agreement and Release ("Settlement Agreement"), which has been filed with the Court; and

WHEREAS the Court preliminarily approved the Settlement in an Order dated July 1, 2016; and

WHEREAS the Court held a hearing on November 18, 2016, where the Court found the Settlement reasonable and fair; and

WHEREAS it appears notice of the Settlement has been adequately provided to the Class as provided for by the Court's Order Granting Preliminary Approval; and

WHEREAS the Plaintiff Class has filed with the Court a Motion for Final Approval of the Settlement, together with supporting documents; and

WHEREAS the Court held a hearing on November 18, 2016 to consider the final approval of the Settlement, and any objections to the foregoing filed before or at the time of the hearing;

WHEREAS the Court has considered the Settlement between the Plaintiff Class and the Defendants, and the pleadings, documents, and two objections submitted in connection with the parties' request for final approval of the Settlement, and good cause appearing,

For the reasons stated on the record, it is **ORDERED** as follows:

1. The Court has jurisdiction over the subject matter of this action. The Court has personal jurisdiction over the Plaintiff Class (as defined in the Court's orders granting Plaintiffs' motions for class certification and for modification of the class certification order, ECF Nos. 31 and 98) and Defendants.

2. Under Federal Rule of Civil Procedure 23(e), the Settlement as set forth in the

Settlement Agreement is approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class. The Court finds that the Settlement appears to have resulted from arm's length negotiations by and among counsel for the parties who were reasonably skilled and prepared and who represented the best interests of their respective clients in negotiating the Settlement. The settlement negotiations that led to the Settlement took place in mediation sessions supervised by Magistrate Judge Donna Ryu, with assistance from Magistrate Judge Laurel Beeler. This provides the Court with further assurance that the negotiations leading to the Settlement were good faith, arm's length negotiations, based on a sufficiently developed record, and which appropriately considered the risks of trial, the potential resolution, and all other relevant factors leading to Settlement.

3.    The Court further finds that the settlement of attorneys' fees and costs in Section XI of the Settlement Agreement was the result of arm's length and good faith negotiations supervised by Magistrate Judges Ryu and Beeler. The attorneys' fees and costs provision appears to have taken into consideration the right of Plaintiffs to seek an award of fees that would be substantially higher than the amount agreed to, the risks of trial, and all other relevant factors.

4.    The Court further finds the Notice to the Class was reasonably calculated to apprise the Class of the pendency of this action and all material elements of the proposed settlement, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice.

5.    This Final Order adopts and incorporates herein by reference in its entirety the Settlement Agreement submitted as Exhibit 1 to the Declaration of Julia Harumi Mass, filed herewith. The parties are directed to implement the Settlement Agreement in accordance with its terms and provisions.

6.    In accordance with Section XII.A of the Settlement Agreement, this action is hereby dismissed with prejudice. Without in any way affecting the finality of this Final Order, this Court retains jurisdiction for the purpose of enforcing the Settlement Agreement and as to all matters relating to the interpretation and enforcement of the

3

Settlement Agreement.

7. The Court finds this Final Order adjudicates all of the claims that were brought in this case and is intended to be a final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure.

This order disposes of Docket No. 280.

**IT IS SO ORDERED**.

Dated: November 18, 2016

_____
EDWARD M. CHEN
United States District Judge